UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No. 8:21-cr-269-T-WFJ-AEP

RALPH PUGLISI

**UNITED STATES' OPPOSITION TO DEFENDANT PUGLISI'S REQUEST FOR DOWNWARD DEPARTURE OR VARIANCE**

The *Defendant's Sentencing Memorandum and Motion for Downward Variance* (the "Motion for Downward Variance") requests that this Court grant a downward variance in determining the defendant's sentence from a total offense level 28, as properly calculated under the 2021 Guidelines Manual, to a sentence within Zone C. Doc. 37 at 2-3. In other words, the defense is requesting that this Court vary an astonishing and unreasonable fifteen-levels downward in a case that presents factors—greed, deception, reckless expenditures of fraud proceeds, and acquisition of personal assets—commonly found in mail fraud embezzlement schemes. The United States respectfully submits that a sentence within the applicable guideline imprisonment range is appropriate under the circumstances presented. The Motion for Downward Variance should be denied.

The one-count Information in this case charges the defendant for orchestrating a mail fraud embezzlement scheme that spanned from June 2014 through November 2020, through which the defendant stole approximately $12.8 million from the University of South Florida's Medical Services Association ("UMSA"). Doc 1. As made clear in the Information, the defendant's Plea Agreement, doc. 6 at 17-18, and the pertinent parts of his *Presentence Investigation Report*, doc. 35 at ¶¶ 12-19, the mail fraud scheme was driven by the defendant's self-interest and committed through his repeated deceptions—*over a span of years*—that betrayed the trust placed in him by UMSA, the non-profit organization that promoted him to Accounting Manager.

Since learning that his mail fraud scheme had been discovered, the defendant has tracked a familiar path tailored to his circumstances. In that regard, the defendant has at once acknowledged his guilt (surely aware of the overwhelming existing evidence), cooperated with law enforcement to recover the available remaining proceeds of his scheme, redirected much of the blame from himself to his chosen friends and companions, and claimed that his behavior was, at least in part, the result of a mental illness that is now stabilized. *See* Motion for Downward Variance at 4-8.

In support of his request for such an incredible downward variance, the defendant now argues:

> The consequence that Puglisi has suffered provide for a just punishment for his criminal activity and as such any extended period of incarceration would

> amount to a punishment beyond what is just. Puglisi has suffered the loss of his employment [from which he stole the fraud proceeds], his professional reputation, his family, and many of his civil rights. Puglisi understands that for the rest of his life, he will be indebted to USF. Any money that he would ever make will go to pay restitution to USF. Knowing that he is working solely to support his minimalist lifestyle and pay restitution to USF is a punishment.

Motion for Downward Variance at pp. 15-16. The defendant also looks to other irrelevant factors already contemplated in his Plea Agreement, such as the defendant's payment of restitution and cooperation with the government, as factors that mitigate the seriousness of his offense. *Id.* The defendant then suggests that such factors and collateral consequences would justify the downward variance. However, the defendant offers no Eleventh Circuit authority for his positions taken in addressing § 3553(a)(2)(A)-(C), doc. 37 at 15-17, and cites only to opinions from other circuits and a few out-of-circuit district court opinions in fact-specific rulings.

The Eleventh Circuit recently vacated a district court's sentence of a defendant in a fraud case where the district court varied downward from a guideline range of 78-97 months' imprisonment to a term of probation that included home detention. *See United States v. Howard*, 28 F.4th 180, 204-215 (11th Cir. 2022). The Eleventh Circuit determined that the district court had abused its discretion and committed a clear error in considering the 18 U.S.C. § 3553(a) factors by: (1) failing to properly consider the relevant factors, (2) giving significant weight to one or more improper factor(s), and (3) committing a clear error of judgment in considering proper factors

and the weight they were due. *Id.* The appellate court specifically listed and discussed the seriousness of the fraud committed, the need to promote respect for the law and general deterrence, and the need to promote just punishment as relevant factors that must be properly weighed by a district court in determining an appropriate sentence. *Id.*

In vacating the sentence, the Eleventh Circuit also noted and discussed the district court's decision to give weight to certain *improper factors*, such as the loss of a professional license, the defendant's convicted-felon status, and the temptation and opportunity to commit the crime. *Id.* at 211-215. A number of the factors identified by the defendant in his Motion for Downward Variance—loss of employment, injury to personal reputation, loss of civil rights, and requirement to pay restitution—fall into this category. Indeed, quoting Oscar Wilde's ironic witticism that, "The only way to get rid of a temptation is to yield to it[,]" the appellate court stated that, while amusing, such a proposition has no "home in the Sentencing Act or in binding precedent." *Id.* at 215.

The Supreme Court has explained that "[t]he Sentencing Guidelines represent the Federal Government's authoritative view of the appropriate sentences for specific crimes." *Peugh v. United States*, 569 U.S. 530, 133 S.Ct. 2072, 2085 (2013). Moreover, the Supreme Court has determined that sentences within the applicable Guidelines range are presumed to be reasonable. *See Rita v. United States,* 551 U.S. 338, 364

(2007) (reviewing court may presume within-guidelines sentence is reasonable); *United States v. Alfaro-Moncada,* 607 F.3d 720, 735 (11th Cir.2010) (reviewing court ordinarily expects that a sentence within the guidelines is reasonable).

The requested extraordinary downward variance of fifteen-levels in this mail fraud embezzlement case would be unreasonable and would wholly fail to address the need to afford adequate deterrence to other criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B). As the Eleventh Circuit has recognized:

> Because economic and fraud-based crimes are 'more rational, cool, and calculated than sudden crimes of passion or opportunity,' these crimes are prime candidates for general deterrence. Defendants in white collar crimes often calculate the financial gain and risk of loss, and white collar crime therefore can be affected and reduced with serious punishment.

*United States v. Martin,* 455 F.3d 1227, 1240 (11th Cir. 2006) (internal citation omitted). A downward departure or variance as requested by the defendant would send the message to other professionals in a position of trust that defrauding a business or non-profit organization is not such a serious matter. Indeed, as explained in *Martin*, "the Congress that adopted the section 3553 sentencing factors emphasized the critical deterrent value of imprisoning serious white-collar criminals, even where those criminals might themselves be unlikely to commit another offense[.]" *Id.*

The defendant's argument regarding his medical concerns is also off base. The federal Bureau of Prison ("BOP") publishes a Clinical Guidance for *Care Level*

*Classification for Medical and Mental Health Conditions or Disabilities*, which describes the methodology utilized by the BOP for classifying inmates' medical and mental health conditions so that inmates can be assigned to the BOP institutions that best meet their health care needs. *See* Attachment 1. That document is available to the public. There are four levels in the BOP medical Care Level classification system, with level 1 being those inmates who are less than 70 years old and generally healthy. *Id.* at 2. Individuals classified as level one have limited medical needs that can be easily managed. A level-2 classification is assigned to inmates who:

1. are stable outpatients requiring clinician evaluations monthly to every 6 months;

2. have medical and mental health conditions that can be managed through routine, regularly scheduled appointments with clinicians for monitoring;

3. have conditions for which enhanced medical resources, such as consultation or evaluation by medical specialists, may be required from time to time.

*Id.* Care Levels 3 and 4, on the other hand, address inmates with more significant health conditions and concerns. For example, Care Level 3 inmates are outpatients who have complex, and usually chronic, medical or mental health conditions and who require frequent clinical contacts to maintain control or stability of their condition, or to prevent hospitalization or complications. *Id.* at 3. Care Level 4 inmates require services available only at a BOP medical referral center. These inmates may be so impaired as to require 24-hour skilled nursing care or nursing

assistance. *Id.* As a result, the BOP is organized and well-equipped to address any of the defendant's medical or mental health conditions.

The defendant's Motion for Downward Variance is substantively unreasonable in this case. The United States therefore respectfully requests that this Court deny the defendant's motion and impose an appropriate sentence for defendant Ralph Puglisi within the applicable Guidelines range.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: */s/Jay G. Trezevant*
Jay G. Trezevant
Assistant United States Attorney
Florida Bar No. 08082093
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: jay.trezevant@usdoj.gov

**U.S. v. Ralph Puglisi** **Case No. 8:21-cr-269-T-WFJ-AEP**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Anthony B. Rickman, Esq.

s/ *Jay G. Trezevant*
Jay G. Trezevant
Assistant United States Attorney